IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:23CR495 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | |
| JORDAN MYERS, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Rebecca C. Lutzko, United States Attorney, and Matthew Simko, Assistant United States Attorney, and files this Sentencing Memorandum. The government moves the court to impose a guideline sentence of 77-96 months.

I. **Relevant Law**

The Supreme Court has instructed that a sentencing court should first properly calculate the advisory Sentencing Guidelines range, then permit the parties "an opportunity to argue for whatever sentence they deem appropriate," consider all of the 18 U.S.C. § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The factors include the nature and circumstances of the offense; the history and characteristics of the defendant; to afford adequate deterrence (both personal and general); to protect the public; and the need for the sentence to reflect the seriousness of the offense; promote respect for the law; and to provide a just punishment. 18 U.S.C. § 3553(a).

    a. **Departures** With regard to any potential grounds for departure, Fed.Crim.Rule 32(h) states the Court must give notice prior to any hearing:

> b. **Notice of Possible Departure From Sentencing Guidelines**. Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure

The presentence writer has identified the following grounds for departure: defendant was in possession of controlled substances at the time of his arrest for which he has not been held accountable. Specifically, Myers was in possession of cocaine base, fentanyl, powder cocaine, a scale with drug residue at the time of his arrest. These items could have supported charges in the state or federal court for drug trafficking. If so, Myers' guideline would be 110-137 months or his sentence could have included a five year consecutive term for possessing a firearm during and in relation to drug trafficking. These offenses were not charged; however, they should still be considered as a possible upward departure or maintaining the current guideline.

> c. **Variance** While the guidelines are no longer binding, variances from the guidelines are not appropriate when the circumstances of the offense represent ordinary cases. In these cases, variances are discouraged when a sentencing court merely feels that the guideline range fails to properly reflect § 3553(a) considerations. *See Kimbrough v. United States*, 552 U.S. 85, 108 (2007). The Guideline Commission "has the capacity courts lack" that is, "to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Id*., 108-109 (citing *United States v. Pruitt*, 502 F.3d 1154, 1171 (CA10 2007)). When a court does vary from a guideline, it must articulate, in open court, the specific reason why it is doing so. 18 U.S.C. 3553(c)(2). A sentence may be held procedurally unreasonable if it is marked by significant procedural

error, such as failing to adequately explain the chosen sentence—including an explanation for any deviation from the U.S. Sentencing Guidelines Manual range. *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007)).

The PSR writer has indicated a variance may be appropriate due to "the lack of guidance that the defendant experienced during childhood." Reviewing the PSR, the Defendant described his neighborhood as "quiet" with many retirees. Defendant claimed that he did not suffer any abuse as a child and overall described it as "'good'". He graduated from high school and had training in HVAC. Far from "lack of guidance", when compared to many other federal defendants, Defendant experienced a benign childhood.

## II. Advisory Sentencing Guideline Range

Misapplication of the sentencing guideline sections is not considered as harmless error, but rather as a "significant procedural error" necessitating remand for resentencing. *United States v. Anderson*, 526 F.3d 319 (6th Cir. 2008). Neither party has any outstanding objections to the presentence report. The advisory guideline range is correctly set at 77-96 months imprisonment.

## III. Factors under 18 U.S.C. 3553(a)(2)

### a. The Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide a Just Punishment

Defendant's record contains 25 adult convictions. Many of these offenses included a probation sentence. In each of these sentences Myers violated his probation. He has been provided treatment at CTF and Unison and has been placed at the Work Release program to obtain and maintain employment. While previously incarcerated, Myers committed 11 disciplinary infractions. Despite these probationary sentences and the services he was provided, Myers

3

continued and continues to arm himself and traffic drugs. A downward variance would demean the seriousness of his repeat conduct and is not supported by statutory sentencing factors.

### b. Afford adequate Deterrence

The Sixth Circuit has held that "an unusually high likelihood of recidivism is also a valid factor upon which to base an upward departure" and therefore certainly supports a guideline sentence. *United States v. Thomas,* 24 F.3d 829, 833 (6th Cir.1994*)*, citing U.S.S.G. § 4A1.3; see also *United States v. Elliott*, 521 Fed. Appx. 513 (6th Cir. 2013). Recently, the United States Sentencing Commission released a report about federal defendants convicted of firearms offenses. *Recidivism of Federal Firearms Offenders*, United States Sentencing Commission, November 2021. The report details the criminal history of defendants released from federal prison in 2010 that had been convicted of firearms offenses. The report found that these defendants had the highest recidivation rate compared to all other defendants and that these defendants recidivated the fastest of all defendants. Id. at 23. Also, the report found that these defendants were more likely to commit a new violent offense than any other defendant. Id. at 26.

As the data shows, Myers is at a high risk to recidivate and it is a purpose of sentencing to deter this recidivism. While the government is not asking the Court for an upward variance, the Court can accomplish 18 U.S.C. 3553(a)(2)(B)'s recidivism-reduction mandate by imposing a lengthy prison term.

There is a common refrain that prison does not deter anyone from future crime. This refrain, however, is inaccurate as shown by the United States Sentencing Commission.[1] *Length of*

---

[1] This refrain likely comes from prior studies that the United States Sentencing Commission has criticized: "Empirical research on the relationship between length of incarceration and recidivism is limited and presents mixed results. Of the studies that have been published, many are dated (e.g., conducted prior to 2000), use less rigorous research designs, or present results on the

4

*Incarceration and Recidivism*, United States Sentencing Commission, June 2022. In its study, recidivism was unaffected by defendants who received a sentence of less than 60 months, "approximately 18 percent lower for offenders sentenced to more than 60 months up to 120 months incarceration compared to a matched group of federal offenders receiving shorter sentences" and "approximately 29 percent lower for federal offenders sentenced to more than 120 months incarceration compared to a matched group of federal offenders receiving shorter sentences." Id. at p. 4. In short, a longer sentence does deter defendants and reduces recidivism.

**IV.     Conclusion**

In order to punish the defendant, deter others, and fulfill the purposes of 18 U.S.C. § 3553, the Court should impose a guideline sentence.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:   /s/ *Matthew D. Simko*
      Matthew D. Simko (OH: 0086787)
      Assistant United States Attorney
      Four Seagate, Suite 308
      Toledo, OH 43604
      (419) 241-0724
      (419) 259-6360 (facsimile)
      Matthew.Simko@usdoj.gov

---

relationship between incarceration and recidivism as a sub-analysis within a broader study. Further, a number of the prior studies have methodological deficiencies relating to not appropriately controlling for offender age and, therefore, are not considered valid." *Length of Incarceration and Recidivism*, United States Sentencing Commission, June 2022, p. 3.